UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE DELUCA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16CV301 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed as successive.

After a jury trial on various charges relating to the operation of a multi-state cocaine and heroin ring, movant was found guilty of conspiracy to distribute and possession with intent to distribute cocaine and heroin, conspiracy to commit money laundering and interstate travel in aid of racketeering. *See United States v. DeLuca*, 4:95CR70 SNL (E.D. Mo). On March 26, 1996, the Court sentenced movant to life imprisonment on the conspiracy to distribute and possession with intent to distribute cocaine and heroin charge. Movant was sentenced to sixty months' imprisonment, to be served concurrently, on the other two charges.

Movant's conviction and sentence were affirmed on appeal by the Eighth Circuit Court of Appeals. *See United States v. Grajales-Montoya*, 117 F.3d 356 (8th Cir. 1997). His petition for

writ of certiorari was denied by the United States Supreme Court. *See DeLuca v. United States*, 522 U.S. 983 (Nov. 17th, 1997).

Movant filed his first motion to vacate, pursuant to 28 U.S.C. § 2255 on February 1, 2001. *See DeLuca v. United States*, 4:01CV164 SNL (E.D.Mo.). The Court denied relief on August 26, 2003, and the Eighth Circuit denied movant a certificate of appealability on March 24, 2004. *See DeLuca v. United States*, No. 03-3789 (8th Cir. March 24, 2004).

Movant filed a second petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241, in the United States District Court for the Southern District of Indiana, in 2013. The district court found that his allegations were more properly brought pursuant to 28 U.S.C. § 2255, and just because he had previously brought a motion to vacate did not make his remedy "inadequate or ineffective." Accordingly, movant's petition for writ of habeas corpus under § 2241 was denied. *See DeLuca v. Oliver*, 2013, WL5487360, No. 2:13CV334 WTL-DKL (S.D. IN. September 27, 2013).

On August 14, 2015, movant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on the recent retroactive change to U.S.S.G § 2D1.1, also known as a "782 motion," or "Drugs Minus Two." On October 7, 2015, the Court granted movant's motion, in part. Movant's sentence on Count I was reduced from life imprisonment to 360 months' imprisonment, to be served concurrently with the 60 months' imprisonment on his other two terms. Movant appealed the denial of the 782 motion, in part, to the Eighth Circuit Court of Appeals, and the Eighth Circuit affirmed the District Court's reasoning. *See United States v. DeLuca*, No. 15-3498 (8th Cir. November 10, 2015).

Movant has now filed a motion pursuant to § 2255 in which he seeks to attack his current sentence.

**Discussion**

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Movant contends that he should be released from prison because the government suppressed the fact that a witness named Gladys Rodriguez was alive at the time of the trial. Movant claims that he just found out about this alleged "new evidence" on or about the time he was resentenced pursuant to the 782 Amendment.[1]

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion to vacate shall be denied. And because movant has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED AND DISMISSED AS SUCCESSIVE**.

---

[1] Movant appears to assert that the Court should restart his statute of limitations at the time he was resentenced, under 28 U.S.C. § 2255(f), in order to him to attack his conviction a second time under § 2255. He may not do so. *See United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996) (§ 3582 proceedings do not alter finality of underlying criminal judgment) (citing to *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)).

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 13th day of April, 2016.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE